UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WANDA CASSELBERRY and ROBERT GOUCHER, individually and on behalf of a class of similarly situated Washington residents,<br><br>Plaintiffs,<br><br>v.<br><br>BAY VIEW LAW GROUP, PC, et al.,<br><br>Defendants. | NO: 11-CV-0395-TOR<br><br>ORDER DENYING DEFENDANT JEDEDIAH THURKETTLE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

BEFORE THE COURT are Defendant Jedediah Thurkettle's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 60) and Greenspoon Marder, P.A.'s and Pacifica Law Group, LLP's Motion to Withdraw as Counsel for Defendants Bay View Law Group, PC and Jedediah Thurkettle (ECF No. 123). These matters were heard with oral argument on Friday, October 26, 2012. Andrew Biviano appeared on behalf of the Plaintiffs. Mary Clark appeared on behalf of Defendants Bay View Law Group and Jedediah Thurkettle. Geana Van

ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 1

1  Dessel appeared on behalf of EFA Processing, LP.  The Court has reviewed the
2  motions, the responses, and the replies, and is fully informed.

3                                    FACTS

4       Defendant Jedediah Thurkettle ("Defendant") is the owner of Defendant Bay
5  View Law Group, PC ("Bay View").  Thurkettle Decl., ECF No. 60-2, at ¶ 1.  He
6  is also Bay View's Chief Executive Officer, Chief Financial Officer, and sole
7  Director.  According to his counsel, Defendant has held these positions at all times
8  relevant to this lawsuit.

9       Defendant resides in the State of California.  Prior to having his deposition
10 taken in this case, he had never set foot in the State of Washington.  Thurkettle
11 Supp. Decl., ECF No. 119-1, at ¶ 3.  He does not own any real or personal property
12 in Washington.  *Id.* at ¶ 4.  He has never had any personal contact with the named
13 plaintiffs in this case.  *Id.* at ¶ 6.

14      Plaintiffs have alleged that Defendant, while acting as an owner and officer
15 of Bay View, personally "established, directed, and/or ratified" the company's
16 allegedly unlawful conduct.  Pls.' Second Am. Compl., ECF No. 109, at ¶ 2.4.  In
17 responding to the instant motion, Plaintiffs also assert that Defendant "has direct
18 authority, responsibility, and control of [Bay View's] core corporate practices,
19 including such matters as the company's standardized engagement contracts, debt
20 adjuster fees, partnership agreements, and regulatory compliance with statutory

debt adjuster laws that govern its conduct." ECF No. 62 at 3. Defendant has not expressly denied these assertions.

DISCUSSION

**I. Defendant Thurkettle's Motion to Dismiss**

A motion to dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). In opposing such a motion, the plaintiff bears the burden of establishing that jurisdiction is proper. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2008). When the motion is "based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Id.* (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). To satisfy this standard, a plaintiff "need only demonstrate facts that[,] if true[,] would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (quotation and citation omitted). In determining whether a plaintiff has made the requisite showing, a court must accept all uncontroverted allegations in the complaint as true and resolve any factual disputes in the Plaintiff's favor. *Id.*

   **A. Personal Jurisdiction**

Personal jurisdiction refers to a court's power to render a valid and enforceable judgment against a particular defendant. *World-Wide Volkswagen*

*Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The exercise of this power is limited by the Due Process Clause of the Fourteenth Amendment. In general, due process requires that that a non-resident defendant have sufficient "minimum contacts" with the forum state such that requiring the defendant to defend against a lawsuit in that forum would comport with traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction over a non-resident defendant may take one of two forms: general jurisdiction or specific jurisdiction. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 233 F.3d 1082, 1086 (9th Cir. 2000). A court may exercise general jurisdiction over a defendant who has established "substantial" or "continuous and systematic" contacts with the forum, regardless of whether the cause of action arose from those contacts. *Id.* Specific jurisdiction, by contrast, may only be exercised when the plaintiff's cause of action arises from the defendant's specific contacts with the forum. *Id.* In either case, the critical inquiry is whether the defendant's contacts with the forum are sufficiently extensive to warrant an exercise of personal jurisdiction. *Id.*

### 1. The Traditional Minimum Contacts Analysis Applies

Plaintiffs have alleged that Defendant, while acting in his capacity as the owner and chief executive officer of Bay View, "established, directed, and/or ratified" the company's allegedly unlawful business practices. Pls.' Second Am.

Compl., ECF No. 109, at ¶ 2.4. According to Plaintiffs, these acts are sufficient to establish *in personam* jurisdiction over Defendant in his individual capacity. Because a corporate officer or director can be held personally liable for participating in or knowingly approving of unfair or deceptive trade practices under the Washington Consumer Protection Act ("CPA"), Plaintiffs argue, the Court may exercise personal jurisdiction over Defendant.

Defendant maintains that actions taken in his capacity as owner and chief executive officer of Bay View are irrelevant to the Court's personal jurisdiction analysis. In Defendant's view, a court may not exercise personal jurisdiction over a non-resident officer or director of a corporation unless the officer or director "has acted in his <u>individual capacity</u>, *i.e.*, not in a corporate capacity." ECF No. 79 at 7 (emphasis in original). Thus, according to Defendant, Plaintiffs "cannot allege or establish personal jurisdiction over [him] based on his official acts as an owner or officer [of Bay View]." ECF No. 60-1 at 7.

Defendant's argument above implicates the so-called "fiduciary shield doctrine." Although Defendant has not mentioned the doctrine in his briefing, he is clearly asking the Court to apply it. Under the fiduciary shield doctrine, a person's "mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989). In other words, the

1  fiduciary shield doctrine requires that personal jurisdiction over corporate officers
2  or directors "be based on their personal, rather than corporate, contacts with the
3  forum." *McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1319 (W.D. Okla.,
4  1990); *see also Colt Studio, Inc. v. Badpuppy Enter.*, 75 F. Supp. 2d 1104, 1111
5  (C.D. Cal. 1999) ("For jurisdictional purposes, the acts of corporate officers and
6  directors in their official capacities are the acts of the corporation exclusively and
7  are thus not material for purposes of establishing minimum contacts as to the
8  [officers and directors in their individual capacities].").

9       Unfortunately for Defendant, the fiduciary shield doctrine is no longer viable
10 in jurisdictions which apply their long-arm statutes to the full extent authorized by
11 the Due Process Clause. *See Davis*, 885 F.2d at 522 (declining to apply fiduciary
12 shield doctrine where long-arm statute at issue "extend[ed] to the limit of
13 constitutional due process"); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 859
14 (D. Ariz. 1999) ("If the state's long-arm statute allows jurisdiction to the extent
15 allowed by the Constitution, then employing the fiduciary shield to insulate
16 employees is inconsistent with the wide reach of the statute."). In these
17 jurisdictions, the appropriate inquiry is simply whether an individual officer or
18 director—acting in a corporate capacity or otherwise—has established sufficient
19 minimum contacts with the forum state. *Davis*, 885 F.2d at 522; *see also Calder v.*
20 *Jones*, 465 U.S. 783, 790 (1984) (holding that personal jurisdiction over a

corporate employee must be based upon *that individual employee's* contacts with the forum); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13 (1984) (same). Because Washington applies its long-arm statute to the full extent permitted by the Due Process Clause, *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004), the Court must perform "a typical minimum contacts analysis" to determine whether Defendant is subject to the Court's personal jurisdiction. *Kukui Gardens Corp. v. Holco Capital Grp., Inc.*, 664 F. Supp. 2d 1103, 1111 (D. Hawaii 2008).

### 2. The Court May Exercise Personal Jurisdiction Over Defendant

Plaintiffs seek to establish specific jurisdiction over Defendant. The Court must utilize the following three-prong test to determine whether specific jurisdiction has been established:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Mavrix Photo*, 647 F.3d at 1228-29 (9th Cir. 2011) (emphasis in original) (quotation and citations omitted). The plaintiff bears the burden on the first two prongs of the test. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff succeeds in satisfying the first two prongs, the

burden then shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

### a. *Purposeful Direction*

In determining whether a defendant purposefully directed activities toward a forum state, courts in the Ninth Circuit employ the "effects test." *Mavrix Photo*, 647 F.3d at 1228. "The 'effects' test, which is based on the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783 (1984), requires that 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Brayton Purcell*, 606 F.3d at 1128).

Based upon the allegations in the Second Amended Complaint, the above criteria have been satisfied. Plaintiffs have alleged that Bay View engaged in a deliberate scheme to avoid the fee restrictions imposed by the Washington Debt Adjusting Act (*see* Pls.' Second. Am. Compl., ECF No. 109, at ¶¶ 4.12-4.36)—and that Defendant, acting as Bay View's owner and chief executive officer, "established, directed, and/or ratified" this allegedly unlawful conduct. Pls.' Second Am. Compl., ECF No. 109, at ¶ 2.4. They have also alleged that Bay View's attorneys, including Defendant, breached their fiduciary duties to Washington consumers by deliberately charging illegal fees for their services.

ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 8

Pls.' Second Am. Compl., ECF No. 109, at ¶ 4.31.  Although these allegations remain unproven, they are sufficient to establish a *prima facie* showing of personal jurisdiction.

      b.  *Claims Arising From Forum-Specific Contacts*

There is no dispute that Plaintiffs' causes of action arise from Defendant's contacts with the State of Washington.  Accordingly, the second prong of the specific jurisdiction analysis is satisfied.

      c.  *Reasonableness Considerations*

Because Plaintiff has satisfied the first two prongs of the specific jurisdiction test, the burden shifts to Defendant to "'present a compelling case' that the exercise of jurisdiction would be unreasonable and therefore violate due process." *CollegeSource*, 653 F.3d at 1079 (9th Cir. 2011) (quoting *Burger King*, 471 U.S. at 477–78).  Courts in the Ninth Circuit consider seven factors in determining if the exercise of jurisdiction is reasonable:

> (1) the extent of the defendant's purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*Id.* (quoting *Dole Food Co., Inc., v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002)).

ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION ~ 9

Defendant has made no attempt to explain why the exercise of personal jurisdiction over him would be unreasonable. Nevertheless, even a cursory examination of the factors above indicates that exercising personal jurisdiction over Defendant is reasonable. First, Defendant is the owner, Chief Executive Officer, Chief Financial Officer and sole Director of Bay View. Thurkettle Decl., ECF No. 60-2, at ¶ 1; Biviano Decl., ECF No. 63-1, at 2; Def.'s Answer to Second Am. Compl., ECF No. 117, at ¶ 2.4. It is safe to assume, as Plaintiffs have alleged, that Defendant was involved in the company's decision to do business with hundreds of Washington consumers. Thus, the extent of Defendant's "purposeful injection into the [Washington's] affairs" is significant. *CollegeSource*, 653 F.3d at 1079.

Second, requiring Defendant to defend against Plaintiff's claims in Washington would not be unduly burdensome. Given that Bay View has already been properly summoned to defend in Washington, requiring its owner, chief executive officer and sole director to do the same poses only a slight incremental burden. Indeed, requiring Defendant and Bay View to defend in the same forum would appear to promote "the most efficient judicial resolution of the controversy." *Id.*

Third, both Plaintiffs and the State of Washington have a substantial interest in having this case adjudicated in Washington. Given that Plaintiffs—all residents

of the State of Washington—have sued for violations of various Washington consumer protection statutes, litigating this case in Washington is eminently appropriate. *See CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004) ("The forum state has a substantial interest in adjudicating the dispute of one of its residents who alleges injury due to the tortious conduct of another.").

Finally, there is no reason to believe that requiring Defendant to defend in Washington would infringe upon the sovereignty of his home state. Nor has Defendant suggested that his home state—or any other state—would be a more suitable forum. Thus, the Court concludes that exercising specific jurisdiction over Defendant is reasonable. Defendant's motion to dismiss for lack of personal jurisdiction is therefore denied.

**II. Greenspoon Marder's and Pacifica Law Group's Motion to Withdraw**

Law firms Greenspoon Marder and Pacifica Law Group have moved to withdraw as counsel of record for Defendants Bay View Law Group and Jedediah Thurkettle. For the reasons stated at the October 26, 2012 hearing, the Court will defer ruling on the motion for a period of thirty days. A status conference has been scheduled for November 29, 2012 at 9:00 a.m. The Court respectfully requests that Defendant Thurkettle personally appear for the hearing by telephone.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 60) is **DENIED**.

2. The court **defers ruling** on Greenspoon Marder, P.A.'s and Pacifica Law Group, LLP's Motion to Withdraw as Counsel for Defendants Bay View Law Group, PC and Jedediah Thurkettle (ECF No. 123) for thirty (30) days. A status conference has been scheduled for **November 29, 2012 at 9:00 a.m.** Defendant Thurkettle shall personally appear by telephone.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 26th day of October, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge